877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Torry S. TELLEFSEN, Plaintiff-Appellant,
v.
UNIVERSITY OF NORTH CAROLINA AT GREENSBORO, James H. Allen,
James M. Lancaster, Marleen Ingle, William E. Moran, Jerry
Williamson, Barry Glosson, Officer, UNCG Campus Police,
Officer Wilkinson, UNCG Campus Police, Sgt. Stroud, UNCG
Campus Police, Defendants-Appellees.
 No. 89-2665.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 19, 1989.
Decided June 14, 1989.
 
 Torry S. Tellefsen, appellant pro se.
 Thomas J. Ziko, Office of the Attorney General of North Carolina, for appellees.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Torry S. Tellefsen appeals the district court's denial of a preliminary injunction. Finding that there was no abuse of discretion, we affirm the court's decision.
 
 
 2
 Tellefsen received two administrative charges of furnishing false information to officials at the University of North Carolina at Greensboro (UNCG). He was suspended from classes on November 18, 1988, pending a formal disciplinary hearing. On December 7, 1988, that hearing was held, and Tellefsen was suspended for the balance of the school year. He sought a preliminary injunction that would reinstate him as a student.
 
 
 3
 To decide whether to issue the preliminary injunction, the court applied the balance-of-hardship test stated in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.1977). Under this test a district court must consider (1) the likelihood of irreparable harm to a plaintiff without an injunction, (2) the likelihood of harm to the defendants with an injunction, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest. South Carolina Dep't of Wildlife and Marine Resources v. Marsh, 866 F.2d 97, 99 (4th Cir.1989).
 
 
 4
 The weight given to each factor depends on the circumstances of the particular case. "When the balance of harms decidedly favors the plaintiff, he is not required to make a strong showing of likelihood of success; nevertheless, there must at least be a strong showing that the case raises grave or serious questions." James A. Merritt and Sons v. Marsh, 791 F.2d 328, 330 (4th Cir.1986).
 
 
 5
 The district court in this case correctly determined that the balance of harms decidedly favored Tellefsen. His interest in acquiring credits necessary to obtaining a degree and in avoiding the stigma of suspension outweighs harm to UNCG should Tellefsen be permitted to resume his studies. Under Merritt, the third Blackwelder factor, likelihood of success on the merits, thus was the dispositive issue.
 
 
 6
 Tellefsen challenged both suspensions primarily on due process grounds. His short-term suspension in November pending the December hearing was not relevant to whether an injunction should issue. Instead, the district court correctly focused on the constitutionality of the December 7 hearing because it was the suspension following that hearing that was in effect when the court considered Tellefsen's request for an injunction.
 
 
 7
 On the record as it now stands, we agree with the district court that Tellefsen did not show the existence of a grave and serious question.
 
 
 8
 "[A] student facing expulsion or suspension from a public educational institution is entitled to the protections of due process." Gorman v. University of Rhode Island, 837 F.2d 7, 12 (1st Cir.1988). The process that is due is not the judicial model of a civil or criminal trial, see Mathews v. Eldridge, 424 U.S. 319, 348 (1976); Nash v. Auburn University, 812 F.2d 655, 660 (11th Cir.1987). Rather, due process requires advance notice of the charges, a fair opportunity to be heard, and an impartial decision-maker. See Goss v. Lopez, 419 U.S. 565, 579 (1975); Goldberg v. Kelly, 397 U.S. 254, 271 (1970); Nash v. Auburn University, 812 F.2d at 661-663, 665.
 
 
 9
 Tellefsen had adequate notice of the charges against him. He received written notice of the charges on October 13, 1988, and November 11, 1988, respectively. This, coupled with his repeated contact with administration officials, especially Assistant Vice Chancellor Lancaster, leaves no doubt that he was adequately apprised of the charges against him.
 
 
 10
 Judged from the totality of the circumstances, the hearing afforded Tellefsen an opportunity to respond, explain, and defend. This is all that due process requires. See Gorman v. University of Rhode Island, 837 F.2d at 13, 16. Tellefsen was not allowed to cross-examine adverse witnesses. However, the right to cross-examine is not constitutionally required if the accused is present when his accuser testifies and the accused has the opportunity to present his own witnesses and evidence. See Nash v. Auburn University, 812 F.2d at 664. Tellefsen was present and could present his side of the case.
 
 
 11
 Finally, the district court found that the disciplinary hearing was conducted by an impartial tribunal. The presence on the tribunal of a student who initially had served as Tellefsen's student counsel was permissible. Tellefsen himself admitted that he had not revealed prejudicial information to the student. Moreover, a person "is not disqualified [from the hearing panel] ... because he has formed opinions about a case based on his own participation in it." Bowens v. North Carolina Dep't of Human Resources, 710 F.2d 1015, 1020 (4th Cir.1983). The participation of Dr. Lancaster as the non-voting moderator of the hearing also did not impair the impartiality of the tribunal.
 
 
 12
 The district court's finding that the case presented no serious or grave question and the resulting denial of a preliminary injunction on the record as it now stands was not an abuse of discretion. See Quince Orchard Valley Citizens Ass'n v. Hodel, 872 F.2d 75 (4th Cir.1989). We therefore affirm the decision. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 13
 AFFIRMED.